## UNITED STATES DISTRICT COURT
## DISTRICT OF DELAWARE

| | |
|---|---|
| ALEX CICCOTELLI, | ) |
| Plaintiff, | ) ) ) |
| | ) Case No. _____ |
| v. | ) ) |
| | ) JURY TRIAL DEMANDED |
| ZOGENIX, INC., CAM L. GARNER, LOUIS C. BOCK, JAMES B. BREITMEYER, STEPHEN FARR, CAROLINE M. LOEWY, ERLE T. MAST, MARY E. STUTTS, RENEE TANNENBAUM, DENELLE J. WAYNICK, MARK WIGGINS, UCB S.A., and ZINC MERGER SUB, INC., | ) ) ) ) ) ) ) ) |
| Defendants. | ) ) |

**COMPLAINT FOR VIOLATION OF THE SECURITIES EXCHANGE ACT OF 1934**

Plaintiff, by his undersigned attorneys, for this complaint against defendants, alleges upon personal knowledge with respect to himself, and upon information and belief based upon, *inter alia*, the investigation of counsel as to all other allegations herein, as follows:

**NATURE OF THE ACTION**

1. This action stems from a proposed transaction announced on January 19, 2022 (the "Proposed Transaction"), pursuant to which Zogenix, Inc. ("Zogenix" or the "Company") will be acquired by UCB S.A. ("Parent") and Zinc Merger Sub, Inc. ("Purchaser").

2. On January 18, 2022, Zogenix's Board of Directors (the "Board" or "Individual Defendants") caused the Company to enter into an agreement and plan of merger (the "Merger Agreement") with Parent and Purchaser. Pursuant to the terms of the Merger Agreement, Purchaser commenced a tender offer (the "Tender Offer") to purchase all of Zogenix's outstanding common stock for $26.00 in cash and a contingent value right ("CVR") for a potential additional payment of $2.00 per share. The Tender Offer is set to expire on March 2, 2022.

3. On February 1, 2022, defendants filed a Solicitation/Recommendation Statement (the "Solicitation Statement") with the United States Securities and Exchange Commission ("SEC") in connection with the Proposed Transaction.

4. The Solicitation Statement omits material information with respect to the Proposed Transaction, which renders the Solicitation Statement false and misleading. Accordingly, plaintiff alleges herein that defendants violated Sections 14(e), 14(d), and 20(a) of the Securities Exchange Act of 1934 (the "1934 Act") in connection with the Solicitation Statement.

**JURISDICTION AND VENUE**

5. This Court has jurisdiction over all claims asserted herein pursuant to Section 27 of the 1934 Act because the claims asserted herein arise under Sections 14(e), 14(d), and 20(a) of the 1934 Act and Rule 14a-9.

6. This Court has jurisdiction over defendants because each defendant is either a corporation that conducts business in and maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

7. Venue is proper under 28 U.S.C. § 1391 because a portion of the transactions and wrongs complained of herein occurred in this District.

**PARTIES**

8. Plaintiff is, and has been continuously throughout all times relevant hereto, the owner of Zogenix common stock.

9. Defendant Zogenix is a Delaware corporation and maintains its principal executive offices at 5959 Horton Street, Suite 500, EmeryVille, CA 94608. Zogenix's common stock trades on the NASDAQ under the ticker symbol "ZGNX."

10. Defendant Cam L. Garner is Co-Founder and Chairman of the Board of the Company.

11. Defendant Louis C. Bock is a director of the Company.

12. Defendant James B. Breitmeyer is a director of the Company.

13. Defendant Stephen Farr is a director of the Company.

14. Defendant Caroline M. Lowey is a director of the Company.

15. Defendant Erle T. Mast is a director of the Company.

16. Defendant Mary E. Stutts is a director of the Company.

17. Defendant Renee Tannenbaum is a director of the Company.

18. Defendant Denelle J. Waynick is a director of the Company.

19. Defendant Mark Wiggins is a director of the Company.

20. The defendants identified in paragraphs 10 through 19 are collectively referred to herein as the "Individual Defendants."

21. Defendant Parent is a société anonyme formed under the laws of Belgium and a party to the Merger Agreement.

22. Defendant Purchaser is a Delaware corporation, an indirect wholly-owned subsidiary of Parent, and a party to the Merger Agreement.

**SUBSTANTIVE ALLEGATIONS**

*Background of the Company and the Proposed Transaction*

23. Zogenix is a global biopharmaceutical company committed to developing and commercializing therapies with the potential to transform the lives of patients and their families living with rare diseases.

24. On January 18, 2022, Zogenix's Board caused the Company to enter into the Merger Agreement.

25. Pursuant to the terms of the Merger Agreement, Purchaser commenced the Tender Offer to acquire all of Zogenix's outstanding common stock for $26.00 in cash and a CVR for a potential additional payment of $2.00 per share.

26. According to the press release announcing the Proposed Transaction:

> UCB (Euronext: UCB) and Zogenix (NASDAQ: ZGNX) announced today that the companies have entered into a definitive agreement under which UCB would acquire Zogenix, Inc., a global biopharmaceutical company commercializing and developing therapies for rare diseases. Under the terms of the agreement, UCB will commence a tender offer to purchase all outstanding shares of Zogenix for a purchase price per share of US$ 26.00 in cash at closing, plus a contingent value right (CVR) for a potential cash payment of US$ 2.00 upon EU approval by December 31, 2023, of FINTEPLA® as an orphan medicine for treatment of Lennox-Gastaut syndrome (LGS). The upfront consideration represents a 72% premium to Zogenix shares based on the 30-day volume weighted average closing stock price of Zogenix prior to signing. The total transaction is valued at up to approximately US$ 1.9 billion / € 1.7 billion.
>
> The board of directors of both companies have unanimously approved the transaction, the closing of which remains subject to the tender of shares representing at least a majority of the total number of Zogenix's outstanding shares, receipt of required antitrust clearances, and other customary conditions. . . .
>
> Transaction Terms, Approvals and Time to Closing
>
> Under the terms of the acquisition agreement, UCB, through a wholly-owned subsidiary, Zinc Merger Sub, Inc., will initiate a tender offer to acquire all outstanding shares of Zogenix for a purchase price of US$ 26.00 per share in cash, plus one non-tradeable CVR. The CVR will entitle holders to an additional cash payment of US$ 2.00 per share if a regulatory milestone related to approval of FINTEPLA® for treatment of seizures associated with Lennox-Gastaut syndrome (LGS) is achieved by or before December 31, 2023. The closing of the tender offer will be subject to certain conditions, including the tender of shares representing at least a majority of the total number of Zogenix's outstanding shares, receipt of required antitrust clearances, and other customary conditions. Upon the successful completion of the tender offer, UCB's acquisition subsidiary will be merged into Zogenix, and any remaining shares of common stock of Zogenix will be cancelled and converted into the right to receive the same consideration per share offered in the tender offer. The transaction is expected to close by the end of the second quarter of 2022. There can be no assurance any payments will be made with respect to the CVR.

Financing and Guidance

The acquisition of Zogenix will be financed by a combination of available cash resources and a new term loan. The transaction is not subject to any financing condition. In addition to contributing to UCB's revenue growth after closing, the acquisition of Zogenix is expected to be accretive to UCB's earnings from 2023 onwards.

Advisors

Lazard and Barclays are acting as financial advisors to UCB in relation to the transaction. Covington & Burling LLP is acting as legal advisor to UCB on this transaction.

BofA Securities and SVB Leerink are acting as financial advisors to Zogenix on this transaction. Latham & Watkins LLP is acting as legal advisor to Zogenix on this transaction.

***The Solicitation Statement Omits Material Information, Rendering It False and Misleading***

27. Defendants filed the Solicitation Statement with the SEC in connection with the Proposed Transaction.

28. As set forth below, the Solicitation Statement omits material information with respect to the Proposed Transaction, which renders the Solicitation Statement false and misleading.

29. First, the Solicitation Statement omits material information regarding the Company's financial projections.

30. The Solicitation Statement fails to disclose: (i) all line items used to calculate the projections; and (ii) a reconciliation of all non-GAAP to GAAP metrics.

31. The disclosure of projected financial information is material because it provides stockholders with a basis to project the future financial performance of a company, and allows stockholders to better understand the financial analyses performed by the company's financial advisor in support of its fairness opinion.

32. Second, the Solicitation Statement omits material information regarding the analyses performed by the Company's financial advisors in connection with the Proposed Transaction, BofA Securities ("BofA") and SVB Leerink LLC ("SVB Leerink").

33. With respect to BofA's Selected Precedent Transactions Analysis, the Solicitation Statement fails to disclose: (i) the closing dates of the transactions; and (ii) the total values of the transactions.

34. With respect to BofA's Discounted Cash Flow Analysis, the Solicitation Statement fails to disclose: (i) the terminal values of the Company; (ii) the individual inputs and assumptions underlying the discount rates and perpetuity growth rates; (iii) the net operating losses, future losses, net cash, and fully-diluted shares outstanding used in the analysis; and (iv) the unlevered free cash flows used in the analysis and all underlying line items.

35. With respect to BofA's Present Value of Wall Street Analysts Price Targets analysis, the Solicitation Statement fails to disclose: (i) the price targets observed in the analysis; and (ii) the sources thereof.

36. With respect to BofA's Premia Calculations analysis, the Solicitation Statement fails to disclose: (i) the transactions observed in the analysis; and (ii) the premiums paid in the transactions.

37. With respect to SVB Leerink's Discounted Cash Flow Analysis, the Solicitation Statement fails to disclose: (i) the terminal values of the Company; (ii) the individual inputs and assumptions underlying the discount rates and perpetuity growth rates; (iii) the net operating losses and fully-diluted shares outstanding used in the analysis; and (iv) the unlevered free cash flows used in the analysis and all underlying line items.

38.   With respect to SVB Leerink's Selected Precedent Transaction Analysis, the Solicitation Statement fails to disclose: (i) the closing dates of the transactions; and (ii) the total values of the transactions.

39.   With respect to SVB Leerink's price targets analysis, the Solicitation Statement fails to disclose: (i) the price targets observed in the analysis; and (ii) the sources thereof.

40.   With respect to SVB Leerink's premiums paid analysis, the Solicitation Statement fails to disclose: (i) the transactions observed in the analysis; and (ii) the premiums paid in the transactions.

41.   When a banker's endorsement of the fairness of a transaction is touted to shareholders, the valuation methods used to arrive at that opinion as well as the key inputs and range of ultimate values generated by those analyses must also be fairly disclosed.

42.   The omission of the above-referenced material information renders the Solicitation Statement false and misleading.

43.   The above-referenced omitted information, if disclosed, would significantly alter the total mix of information available to the Company's stockholders.

## COUNT I

### (Claim for Violation of Section 14(e) of the 1934 Act Against Defendants)

44.   Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

45.   Section 14(e) of the 1934 Act states, in relevant part, that:

> It shall be unlawful for any person to make any untrue statement of a material fact or omit to state any material fact necessary in order to make the statements made, in the light of the circumstances under which they are made, not misleading . . . in connection with any tender offer or request or invitation for tenders[.]

46.   Defendants disseminated the misleading Solicitation Statement, which contained statements that, in violation of Section 14(e) of the 1934 Act, in light of the circumstances under

which they were made, omitted to state material facts necessary to make the statements therein not misleading.

47. The Solicitation Statement was prepared, reviewed, and/or disseminated by defendants.

48. The Solicitation Statement misrepresented and/or omitted material facts in connection with the Proposed Transaction as set forth above.

49. By virtue of their positions within the Company and/or roles in the process and the preparation of the Solicitation Statement, defendants were aware of this information and their duty to disclose this information in the Solicitation Statement.

50. The omissions in the Solicitation Statement are material in that a reasonable shareholder will consider them important in deciding whether to tender their shares in connection with the Proposed Transaction. In addition, a reasonable investor will view a full and accurate disclosure as significantly altering the total mix of information made available.

51. Defendants knowingly or with deliberate recklessness omitted the material information identified above in the Solicitation Statement, causing statements therein to be materially incomplete and misleading.

52. By reason of the foregoing, defendants violated Section 14(e) of the 1934 Act.

53. Because of the false and misleading statements in the Solicitation Statement, plaintiff is threatened with irreparable harm.

54. Plaintiff has no adequate remedy at law.

## COUNT II

**(Claim for Violation of 14(d) of the 1934 Act Against Defendants)**

55. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

56. Section 14(d)(4) of the 1934 Act states:

Any solicitation or recommendation to the holders of such a security to accept or reject a tender offer or request or invitation for tenders shall be made in accordance with such rules and regulations as the Commission may prescribe as necessary or appropriate in the public interest or for the protection of investors.

57. Rule 14d-9(d) states, in relevant part:

Any solicitation or recommendation to holders of a class of securities referred to in section 14(d)(1) of the Act with respect to a tender offer for such securities shall include the name of the person making such solicitation or recommendation and the information required by Items 1 through 8 of Schedule 14D-9 (§ 240.14d-101) or a fair and adequate summary thereof[.]

Item 8 requires that directors must "furnish such additional information, if any, as may be necessary to make the required statements, in light of the circumstances under which they are made, not materially misleading."

58. The Solicitation Statement violates Section 14(d)(4) and Rule 14d-9 because it omits the material facts set forth above, which renders the Solicitation Statement false and/or misleading.

59. Defendants knowingly or with deliberate recklessness omitted the material information set forth above, causing statements therein to be materially incomplete and misleading.

60. The omissions in the Solicitation Statement are material to plaintiff, and he will be deprived of his entitlement to make a fully informed decision with respect to the Proposed Transaction if such misrepresentations and omissions are not corrected prior to the expiration of the Tender Offer.

9

61. Plaintiff has no adequate remedy at law.

## COUNT III

**(Claim for Violation of Section 20(a) of the 1934 Act
Against the Individual Defendants, Parent, and Purchaser)**

62. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

63. The Individual Defendants, Parent, and Purchaser acted as controlling persons of Zogenix within the meaning of Section 20(a) of the 1934 Act as alleged herein. By virtue of their positions as directors of Zogenix and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Solicitation Statement filed with the SEC, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that plaintiff contends are false and misleading.

64. Each of the Individual Defendants, Parent, and Purchaser was provided with or had unlimited access to copies of the Solicitation Statement alleged by plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

65. Each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control and influence the particular transactions giving rise to the violations as alleged herein, and exercised the same. The Solicitation Statement contains the unanimous recommendation of the Individual Defendants to approve the Proposed Transaction. They were thus directly connected with and involved in the making of the Solicitation Statement.

66. Parent and Purchaser also had direct supervisory control over the composition of the Solicitation Statement and the information disclosed therein, as well as the information that

10

was omitted and/or misrepresented in the Solicitation Statement.

67. By virtue of the foregoing, the Individual Defendants, Parent, and Purchaser violated Section 20(a) of the 1934 Act.

68. As set forth above, the Individual Defendants, Parent, and Purchaser had the ability to exercise control over and did control a person or persons who have each violated Section 14(e) of the 1934 Act and Rule 14a-9, by their acts and omissions as alleged herein. By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the 1934 Act.

69. As a direct and proximate result of defendants' conduct, plaintiff is threatened with irreparable harm.

70. Plaintiff has no adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff prays for judgment and relief as follows:

A. Enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction;

B. In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages;

C. Directing the Individual Defendants to file a Solicitation Statement that does not contain any untrue statements of material fact and that states all material facts required in it or necessary to make the statements contained therein not misleading;

D. Declaring that defendants violated Sections 14(e), 14(d), and 20(a) of the 1934 Act, as well as Rule 14a-9 promulgated thereunder;

E. Awarding plaintiff the costs of this action, including reasonable allowance for plaintiff's attorneys' and experts' fees; and

F. Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury.

Dated: February 7, 2022

**RIGRODSKY LAW, P.A.**

By: */s/ Gina M. Serra*
Gina M. Serra (#5387)
Herbert W. Mondros (#3308)
300 Delaware Avenue, Suite 210
Wilmington, DE 19801
Telephone: (302) 295-5310
Facsimile: (302) 654-7530
Email: gms@rl-legal.com
Email: hwm@rl-legal.com

*Attorneys for Plaintiff*